**UNITED STATES OF AMERICA, Plaintiff—Appellee,**

v.

**Juan LOPEZ–PEREZ, Defendant— Appellant.**

**No. 02–10400.**

**D.C. No. CR–01–00357–DCB.**

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2003.[*]

Decided June 13, 2003.

Before T.G. NELSON, HAWKINS, Circuit Judges, and ZILLY,[**] District Judge.

MEMORANDUM [***]

Juan Lopez–Perez was indicted and convicted of illegal reentry after removal. He appeals the district court's denial of his motion to dismiss the indictment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts, we do not recite them here. We conclude that Lopez–Perez's waiver, at the underlying removal hearing, was not knowing and intelligent. The immigration judge ("IJ") erroneously failed to inform Lopez–Perez of the possibility that he might have a claim for derivative citizenship.[1] A "reasonable possibility" existed that Lopez–Perez had such a claim, based on the conflicting record before the IJ.[2]

---

[*] This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

[**] The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Muro–Inclan,* 249 F.3d 1180, 1183 (9th Cir.2001).

2. *See id.*

We reject Lopez–Perez's argument regarding the right to obtain an attorney because he did not raise it before the district court.[3]

Although we conclude that Lopez–Perez's waiver was not knowing and intelligent, and a due process violation therefore occurred,[4] we nonetheless affirm because Lopez–Perez has not shown prejudice from the violation.[5] Indeed, although counsel in Lopez–Perez's criminal case conducted an investigation, Lopez–Perez introduced nothing to support his claim. He simply rests on his assertion that his father was born in California. Given that, aside from Lopez–Perez's unsubstantiated assertion, the record supports the opposite conclusion, we find that Lopez–Perez has shown no plausible ground for relief and cannot show prejudice.[6]

The district court may rely on evidence that was inadmissible at Lopez–Perez's removal proceeding before the IJ.[7] Accordingly, the district court did not err in consulting the evidence in the record.

For the foregoing reasons, we affirm.

AFFIRMED.

---

3. *See Ariz. v. Components, Inc.,* 66 F.3d 213, 217 (9th Cir.1995). In any event, the argument has no merit, as Lopez–Perez told the IJ he was prepared to proceed without an attorney after several continuances.

4. *Muro–Inclan,* 249 F.3d at 1183–84.

5. *Id.* at 1184 (stating that, to show prejudice, a petitioner must demonstrate that "he had a 'plausible' ground for relief from deportation," not merely a ground about which the IJ should have informed him) (some internal quotation marks omitted).

6. *See id.* at 1185–86.

7. *See United States v. Arrieta,* 224 F.3d 1076, 1082–83 (9th Cir.2000) (finding prejudice after consulting evidence not presented to the IJ).

